UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KENNETH FOUNTAIN | CIVIL ACTION |
| VERSUS | No. 18-145 |
| NEW ORLEANS CITY ET AL. | SECTION I |

## ORDER AND REASONS

Before the Court is a motion[1] filed by defendants to dismiss plaintiff's Title VII claims as time-barred. Further, and on the assumption that the Title VII claims are the only federal claims asserted by plaintiff, defendants request that the Court decline to exercise supplemental jurisdiction over plaintiff's state law claims.

Under Local Rule 7.5, "[e]ach party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date." Defendants' motion is set to be submitted on June 13, 2018. As of this date, plaintiff has not filed an opposition to the motion, and because such opposition would now be untimely, the Court treats the motion as unopposed.

It is well established that "Title VII claims must be filed within 90 days of a plaintiff's receipt of the notice of right to sue or the action will be dismissed." *Stokes v. Dolgencorp, Inc.*, 367 Fed. App'x 545, 547 (5th Cir. 2010) (per curiam). Plaintiff admits in his complaint that his deadline to file this case was October 3, 2017.[2] However, he filed the present action on January 4, 2018. While plaintiff had

---

[1] R. Doc. No. 18.
[2] R. Doc. No. 1, ¶ 16.

1

previously filed a case asserting his Title VII claims on September 28, 2017, the Court dismissed that case without prejudice due to plaintiff's failure to appear before the Court on January 4, 2018 to show cause why he had failed to timely serve defendants.[3]

As he has not filed an opposition, plaintiff has obviously not argued that the complaint that he filed in this case should relate back to the complaint that he filed in the case previously dismissed without prejudice by the Court.[4] It also goes without saying that plaintiff has offered no argument that the Court should employ the tools in its equitable toolkit to allow him to proceed with his case. The Court thus considers plaintiff to have waived these positions.

In light of the plaintiff's admission in his complaint, the Court concludes that plaintiff's Title VII claims are untimely and warrant dismissal.

Defendants also request that the Court decline to exercise supplemental jurisdiction over plaintiff's state law claims, proceeding on the assumption that the Title VII claims are plaintiff's only federal claims. However, in addition to Title VII, the complaint references "government employee Whistleblower Protections established by OSHA, federal law, The U.S. Department of Labor and Executive

---

[3] *See Fountain v. New Orleans City*, No. 17-9808, R. Doc. No. 7.
[4] In any event, the Fifth Circuit has indicated that Rule 15(c) does not apply in the multiple-case context. *See Carter v. Texas Dep't of Health*, 119 Fed. App'x 577, 581 (5th Cir. 2004) ("The district court properly held that the 'original pleading' may not be a pleading filed in a different case. While this Court has not specifically addressed whether Rule 15(c) provides for a complaint in one case to relate back to a complaint in another case, other courts have answered the question in the negative, holding that Rule 15(c) pertains only to pleadings within the same case.") (citing cases).

Orders establishing the same" as the basis for federal question jurisdiction.[5]  Given this language, it appears that plaintiff may have intended to plead non-Title VII federal claims.

Yet even a cursory reading of the complaint makes plain that plaintiff's factual allegations are geared toward Title VII, casting doubt on whether plaintiff in fact intended to plead other federal claims.  Further, plaintiff does not identify with sufficient detail the nature of these other federal claims, if any.

Before casting final judgment on this question, however, the Court will provide plaintiff with an opportunity to amend his complaint to clarify any non-Title VII federal claims that he wants to assert in this action.  Should plaintiff not do so by the deadline provided below, then the Court will treat the Title VII claims as plaintiff's only federal claims and it will dismiss plaintiff's state law claims without prejudice.

Accordingly,

**IT IS ORDERED** that defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that plaintiff's Title VII law claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint specifically asserting any causes of action under "government employee

---

[5] R. Doc. No. 1, ¶¶ 4, 17.

Whistleblower Protections established by OSHA, federal law, The U.S. Department of Labor and Executive Orders establishing the same" by **June 14, 2018**.

New Orleans, Louisiana, June 7, 2018.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**