**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KENNETH FOUNTAIN** | **CIVIL ACTION** |
| **VERSUS** | **No. 18-145** |
| **NEW ORLEANS CITY, ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is a motion[1] to dismiss filed jointly by defendants Dichelle Williams and the City of New Orleans (collectively, "the City"). For the following reasons, the motion is granted.

Plaintiff Kenneth Fountain ("Fountain") initially filed a complaint against the City alleging violations of Title VII of the Civil Rights Act, several state law claims, and "government Whistleblower Protections established via OSHA, federal law, The U.S. Department of Labor and Executive Orders establishing the same, as well as other applicable federal statutes, laws, and protections."[2] The City responded by filing a motion to dismiss.[3]

The City argued that Fountain's Title VII claim was time-barred and should be dismissed.[4] The City also urged the Court to decline to exercise supplemental jurisdiction over Fountain's state law claims.[5]

On June 7, 2018, the Court dismissed Fountain's Title VII claim as untimely;

---

[1] R. Doc. No. 23.
[2] R. Doc. No. 1, at 5–7.
[3] R. Doc. No. 18.
[4] R. Doc. No. 18-1, at 3.
[5] *Id.* at 5.

however, the Court observed that, in his complaint, Fountain made vague references to non-Title VII federal law claims.[6] Although Fountain "[did] not identify with sufficient detail the nature of these other federal claims, if any," the Court nonetheless ordered that Fountain was permitted to file an amended complaint "*specifically asserting* any other causes of action" under federal law.[7]

Despite the Court's straightforward order, Fountain filed a first amended complaint containing language and allegations nearly identical to those in the original complaint.[8] The amended complaint is equally as vague. Indeed, Fountain's alleged legal basis for federal relief is so unclear that, in its motion to dismiss, the City was forced to speculate as to which federal whistleblower protection laws give rise to Fountain's claims: "[T]he City's memorandum argument addresses the causes of action that the City *believes* Fountain may have intended to be asserted."[9] The Court refuses to engage in such guesswork.

---

[6] R. Doc. No. 19, at 2–3.

[7] *Id.* at 3–4 (emphasis added).

[8] While the pleadings are not *verbatim* the same, the differences are insignificant. In fact, the only time Fountain alleges violations of federal law in his first amended complaint, he quotes the original complaint: "Pursuant to federal law, your Petitioner filed a Petition for claims arising under the Whistleblower Protections established via OSHA, The U.S. Department of Labor and Executive Orders establishing the same, as well as other applicable federal statutes, laws and protections." R. Doc. No. 20, at 6.

[9] R. Doc. No. 23, at 4 n.24 (emphasis added). The City addressed possible allegations under OSHA, 29 U.S.C. § 660(c) and the Sarbanes-Oxley Act, 18 U.S.C. § 1514(a), although Fountain cites neither statute in his first amended complaint. *Id.* at 4–7. The City also argued that, to bring a claim for retaliation under any unidentified federal whistleblower statute, Fountain would need to be a federal employee, which he is not. *Id.* at 5. The Court need not address these substantive arguments because Fountain's first amended complaint is dismissed for other reasons stated herein.

In his response to the motion to dismiss, Fountain ignored the City's guesswork with respect to his federal whistleblower claims. While he did specify—albeit for the first time—that his Occupational Safety and Health Act claim arises under Section 11(c), he also claimed for the first time that federal law provides him with whistleblower protections under 42 U.S.C. § 1983 and the First Amendment.[10] Fountain did not raise any of these claims in either his original complaint or his first amended complaint, and he has not moved for leave to file a third amended complaint.

The Court will not consider these new causes of action. "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1985) (citations omitted); *see also Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (refusing to consider arguments mentioned for the first time in opposition memoranda); *Schneider v. Calif. Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (citations omitted); *Morgan Distrib. Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (refusing to consider an argument raised in a brief responding to a motion because "[t]o hold otherwise would mean that a party could unilaterally amend a complaint at will") (citation omitted).

The Court provided Fountain the opportunity to amend his complaint and clarify his federal causes of action beyond nebulous and abstract references "to

---

[10] R. Doc. No. 25, at 3–4.

applicable federal law." Notwithstanding the Court's specific order, he chose not to do so. Thus, dismissal of Fountain's federal law claims against the City is warranted.

Having concluded that all of Fountain's federal law claims should be dismissed, only his state law claims remain. A district court may decline to exercise supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In addition to these factors, the Fifth Circuit has instructed district courts to consider the common law factors of "judicial economy, convenience, fairness, and comity." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008). "These interests are to be considered on a case-by-case basis, and no single factor is dispositive." *Id.*

These factors weigh in favor of dismissal without prejudice of the Louisiana law claims so that Fountain may assert those claims in Louisiana state court. The Court has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Moreover, allowing Louisiana courts to rule on Louisiana law "encourages fairness between the parties by 'procuring for them a surer-footed reading of applicable law.'" *Bitte v. EMC Mortgage Corp.*, No. 07-9273, 2009 WL 1950911, at *2 (E.D. La. July 1, 2009) (Africk, J.) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)) "[D]eference in this case with respect to the state law issue[s]

promotes the important interest of comity to state courts." *Id.* Finally, the parties will not be unduly prejudiced because the litigation is still in its early stages.

Accordingly,

**IT IS ORDERED** that the City's motion to dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned case is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, July 19, 2018.

                         **LANCE M. AFRICK**
          **UNITED STATES DISTRICT JUDGE**